# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50241
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PABLO VASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:13-CR-237-2

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Pablo Vasquez appeals the sentence imposed on his conviction for possession with intent to distribute methamphetamine. The district court sentenced Vasquez within his guidelines range to 151 months of imprisonment, three years of supervised release, and a $1,000 fine.

Vasquez contends that his sentence is greater than necessary to satisfy the sentencing goals under 18 U.S.C. § 3553(a) because the district court failed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to adequately consider his serious health issues.  He cites U.S.S.G. § 5H1.4 in support of his argument and asserts that the seriousness of his offense was mitigated by his serious health issues, he was involved in the offense primarily to protect his girlfriend, and the burdens of incarceration will fall more onerously on him than healthy inmates.

A challenge to the substantive reasonableness of a sentence based on the § 3553(a) factors is ordinarily reviewed under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).  However, Vasquez's substantive reasonableness challenge is reviewed for plain error because he did not object to his sentence as substantively unreasonable in the district court.  *See United States v. Heard*, 709 F.3d 413, 425 (5th Cir.), *cert. denied*, 134 S. Ct. 470 (2013). To succeed on plain error review, the defendant must show (1) a forfeited error (2) that is clear or obvious and (3) that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  On such a showing, we may exercise our discretion "to remedy the error . . . if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (internal quotation marks, bracketing, and citation omitted).  Because Vasquez's sentence was within his advisory guidelines range, his sentence is presumptively reasonable. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).  The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Vasquez's health conditions were reported in his presentence report, and the district court nevertheless determined that a sentence of 151 months of imprisonment, the bottom of Vasquez's guidelines range, was appropriate.

No. 14-50241

"[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Vasquez has not shown sufficient reason to disturb the presumption of reasonableness applicable to his sentence. *See Rodriguez*, 523 F.3d at 525-26; *United States v. Castillo*, 430 F.3d 230, 240-41 (5th Cir. 2005). His sentence was not an abuse of discretion, much less plain error. *See Puckett*, 556 U.S. at 135. Additionally, to the extent Vasquez argues that the district court erred by failing to depart downward pursuant to § 5H1.4, we lack jurisdiction to review the argument. *See United States v. Alaniz*, 726 F.3d 586, 627 (5th Cir. 2013).

The judgment of the district court is AFFIRMED.